UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. GRUSHEN, JR., <br> Petitioner, <br> v. <br> PATRICK COVELLO, Warden, <br> Respondent. | No. 2:18-cv-2913 DB P <br><br> ORDER AND <br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**I.    Procedural Background**

Petitioner was convicted in 2008 in the San Joaquin County Superior Court of violations of California Penal Code § 246 (discharge of a firearm at an inhabited dwelling, vehicle, or aircraft) and Penal Code § 12022.53(d) (additional punishment for intentional use or discharge of a firearm which caused great bodily injury or death). Pet. Attach. (Order of San Joaquin Superior Court, Jan. 31, 2018, ECF No. 1 at 35-36). Petitioner was sentenced to five years for the underlying conviction and twenty-five years to life for the enhancement. Id. Petitioner's direct

appeal was denied at the California Court of Appeals, Third Appellate Division, and then at the California Supreme Court in 2010.

Petitioner filed four separate petitions for writ of habeas corpus in the San Joaquin County Superior Court, each asserting claims related to the effectiveness of his trial and/or appellate counsel. These petitions were all denied. He then filed three separate petitions with the court of appeal, each of which was summarily denied. Finally, he filed a petition for writ of habeas corpus with the California Supreme Court, which was also summarily denied.

On December 9, 2010, petition filed a petition for writ of habeas corpus in this court, Grushen v. Haws, Case No. 2:10-cv-3300-JKS (E.D. Cal.) ("the prior habeas action"). The petition was denied on February 12, 2014, and petitioner's appeal was dismissed as untimely.

In the instant petition, petitioner challenges the same conviction and sentence as asserted in Case No. 2:10-cv-3300. Here, however, he seeks resentencing in light of changes made to Penal Code § 12022.53, effective on January 1, 2018, pursuant to California Senate Bill No. 620. The amendment gave discretion to the court, "in the interest of justice" and "at the time of sentencing" or "to any resentencing," to "strike or dismiss an enhancement otherwise required to be imposed by the section." Cal. Pen. Code § 12022.53(h) (2018).

Petitioner asserts that he is entitled to resentencing pursuant to amended § 12022.53(h) in light of his lack of a prior criminal record at the time of conviction, his youth at the time of the crime, his developmental disabilities, his participating in prison programming, and his maturity during incarceration. In pursuit of relief on this claim, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court on January 8, 2018. That petition was denied without prejudice on January 31, 2018, and then with prejudice on March 19, 2018. Pet. Attach. (ECF No. 1 at 35-37). The petition was later denied on August 8, 2018, in the California Supreme Court. Id. (ECF No. 1 at 56). This action followed shortly thereafter, with petitioner arguing that the state court judges erred in their denials of his petition, and he seeks resentencing pursuant to Senate Bill No. 620.

////

////

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in § 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of

Certiorari.

> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The petition in this case and that in the prior habeas action both challenge petitioner's custody pursuant to the same judgment entered by the San Joaquin County Superior Court. Accordingly, the instant petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present petition. See 28 U.S.C. § 2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present petition. See Burton v. Stewart, supra.

4

**III.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/grus2913.fr.dism